*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
TANG, J. STEPHENS, and RUSSELL,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Ryland A. EDWARDS**
Corporal (E-4), U.S. Marine Corps
Appellant

**No. 201900026**

Decided: 30 September 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary. Sentence adjudged 16 November 2018 by a general court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Military Judge: Lieutenant Colonel Emily A. Jackson-Hall, USMC. Sentence approved by the convening authority: reduction to E-1, confinement for 40 months,[1] and a dishonorable discharge.

 For Appellant: Lieutenant Commander Erin L. Alexander, JAGC, USN.

For Appellee: Brian K. Keller, Esq.

_____

---

[1] The Convening Authority suspended confinement in excess of 18 months pursuant to a pretrial agreement.

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866. However, we note that the court-martial order (CMO) does not accurately reflect the disposition of all charges and specifications. The appellant pleaded guilty by exceptions to Charge I, Specification 1, excepting certain language. He pleaded not guilty to Charge II and its Specification. The CMO indicates that the excepted language in Charge I, Specification 1, and Charge II and its Specification were dismissed without prejudice. However, the CMO fails to indicate that the dismissal of the excepted language in Charge I, Specification 1, and the dismissal of Charge II and its Specification will "ripen into prejudice upon completion of appellate review in which the findings and sentence are upheld."[2] The appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, the supplemental CMO shall properly reflect the disposition of the excepted language and Charge II and its Specification.

The findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

———————————————

[2] Record at 33.